**FARM CREDIT SERVICES OF MID-AMERICA, ACA, Appellant,**

**v.**

**NOFZINGER et al., Appellees.**

[Cite as *Farm Credit Serv. of Mid-America, ACA
v. Nofzinger* (1994), 95 Ohio App.3d 319.]

Court of Appeals of Ohio,
Fulton County.

No. 93FU000022.

Decided June 30, 1994.

*John J. Hunter*, for appellant.

*Jan H. Stamm*, for appellees.

---

ABOOD, Presiding Judge.

This is an accelerated appeal from a judgment of the Fulton County Court of Common Pleas which granted summary judgment to appellee Falor Farm Center as to entitlement to the proceeds from the court-ordered sale of grain owned by appellee Nofzinger.

Appellant presents the following issue as its assignment of error:

"Whether or not the Trial Court erred in the finding that in order to perfect a security interest in stored and/or harvested crops a secured party needs to have indexed its financing statement for those stored and/or harvested crops in the real estate records."

The facts that are relevant to the issues raised on appeal are as follows. In 1992, appellant, Farm Credit Services of Mid–America, ACA ("Farm Credit"), filed a foreclosure action against appellees Michael and Susan Nofzinger in which several parties claimed certain security interests in appellees' real and personal property. While the foreclosure was pending, the Nofzingers filed bankruptcy. This appeal arises out of the disposition of $5,200 which the Fulton County Court of Common Pleas ordered paid to the bankruptcy trustee. The $5,200 represents proceeds from the sale of soybeans that were grown by the Nofzingers in 1991 on real estate located in Henry County and subsequently harvested and shipped to Fulton County for storage. Neither creditor had filed a financing statement or security agreement referencing real estate located in Henry County or crops grown in Henry County. Farm Credit had, however, filed a financing statement and security agreement in Fulton County referring to "all crops growing or to be

grown, all harvested crops and products of crops, all accounts or contract rights for sale of crops and all documents of title evidencing any interest in crops," which it claimed was sufficient to cover the crops harvested in Henry County and shipped to Fulton County. The creditors stipulated that Farm Credit had a perfected security interest in the crops grown in Fulton County.

Farm Credit and Falor Farm Center ("Falor") filed cross-motions for summary judgment as to the disposition of the proceeds from the sale of the grain that had been grown and harvested in Henry County. Farm Credit argued that it had a perfected security interest in the Henry County proceeds, while Falor, which did not claim to have a perfected security interest in the proceeds, disputed Farm Credit's claim and argued that the money should be turned over to the bankruptcy estate, of which Falor was a major creditor.

On November 3, 1993, the trial court determined that all real estate descriptions in the financing statement Farm Credit had filed concerned property located in Fulton County and that Farm Credit therefore did not have a perfected security interest in the proceeds from grain harvested in Henry County. The trial court ordered that the proceeds should be paid to the bankruptcy trustee. It is from that judgment that Farm Credit appeals.

In its sole assignment of error, appellant asserts that Ohio law does not require that a real estate description be included in a financing statement in order for a security interest in stored or harvested grain to be perfected. Appellant argues that the law requires a description of the real estate only to perfect a security interest in crops which are growing or to be grown. Appellee responds that, pursuant to R.C. 1309.39(E), a description of the real estate is required when a financing statement is filed if the collateral is "crops growing or to be grown." Appellee asserts further that R.C. 1309.38(A)(2) requires that the financing statement must be filed in the office of the county recorder in the county where the land is located.

R.C. 1309.21 requires that unless collateral is in the possession of the secured party a financing statement must be filed to perfect all security interests. R.C. 1309.38(A)(2) provides that the proper place to file the financing statement to perfect a security interest "when the collateral is crops, growing or to be grown, [is] in the office of the county recorder in the county where the land is located." R.C. 1309.22(A) provides that "[a] security interest is perfected when it has attached and when all of the applicable steps required for perfection have been taken, as provided in sections 1309.21 * * *." With regard to attachment, R.C. 1309.14(A) provides in part that:

"(A) * * * [A] security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless:

"(1) The collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops growing or to be grown * * * a description of the land concerned; and

"(2) Value has been given; and

"(3) The debtor has rights in the collateral."

Upon consideration of foregoing, and a thorough examination of the record of proceedings in the trial court, this court finds that (1) the financing statement/security agreement which Farm Credit filed on February 5, 1991 concerned "crops growing or to be grown" and "all harvested crops and products of crops" located in Fulton County at that time; (2) when Farm Credit filed the financing statement in Fulton County which it asserts covers the Henry County harvest, the soybeans in Henry County were clearly "crops growing or to be grown" and therefore subject to R.C. 1309.38, which requires a filing in the county where the land is located; and (3) Farm Credit did not file a financing statement in Henry County.

On consideration whereof, we find the sole assignment of error not well taken in that the trial court properly found that Farm Credit did not have a perfected security interest in the crops harvested in Henry County and the judgment of the Fulton County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.

*Judgment affirmed.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.